UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THOMAS SENTEMENTES,            :
    Plaintiff,             :
                           :
    v.                     :      Case No. 3:15cv1014(AWT)
                           :
OFFICER MRS. ALBINO, ET AL.,   :
    Defendants.            :

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

For the reasons set forth below, Defendants' Motion for
Summary Judgment (Doc. No. 18) is hereby GRANTED.

A motion for summary judgment may be granted only where there
are no issues of material fact in dispute and the moving party is
therefore entitled to judgment as a matter of law.  Rule 56(a),
Fed. R. Civ. P.; Redd v. New York Div. of Parole, 678 F.3d 166,
173-74 (2d Cir. 2012).  "When the nonmoving party will bear the
burden of proof at trial, the moving party can satisfy its burden
at summary judgment by 'pointing out to the district court' the
absence of a genuine dispute with respect to any essential element
of its opponent's case: 'a complete failure of proof concerning an
essential element of the nonmoving party's case necessarily renders
all other facts immaterial.'"  Cohane v. National Collegiate
Athletic Ass'n, 612 F. App'x 41, 43 (2d Cir. 2015) (quoting Celotex
Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  Once the moving party

meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "'rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.'" Robinson v. Concentra Health Servs., 781 F.3d 42, 34 (2d Cir. 2015) (citation omitted). He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

First, the defendants have met their initial burden with respect to establishing that they are entitled to judgment as a matter of law by establishing that the plaintiff did not exhaust his administrative remedies. He neither filed a grievance nor appealed. Nothing in the record creates a genuine issue of material fact with respect to this point. The court notes that the plaintiff did not file an opposition to the motion for summary judgment.

Second, the defendants have met their initial burden with respect to establishing that they are entitled to judgment as a matter of law with respect to the plaintiff's claims for

retaliation, and nothing in the record creates a genuine issue of material fact with respect to those claims.

Accordingly, the Clerk shall enter judgment in favor of the defendants and close this case.

It is so ordered.

Signed this 9th day of April 2018, at Hartford, Connecticut.

_____
/s/AWT
Alvin W. Thompson
United States District Judge
